[Civ. No. 11214. First Appellate District, Division One.—December 7, 1939.]

ANNA J. BLACHE, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Max H. Margolis, Herbert Chamberlin, E. Max Cohen and Milton A. Krug for Petitioner.

Edward J. Lynch for Respondents.

WARD, J.—This is a petition to prohibit the Superior Court of the State of California in and for the City and County of San Francisco from proceeding to adjudge and

punish petitioner Anna J. Blache for alleged contempt of court in refusing to be sworn by, and give a deposition before, a notary public.

The petition alleges that a subpoena for the taking of a deposition in a maintenance action wherein petitioner was plaintiff was issued and served on petitioner; that she attended at the time and place mentioned therein, but, upon the advice of her attorneys, refused to be sworn or to give testimony. A report by the notary upon such refusal was duly filed, whereupon the respondent court issued an order to petitioner to appear and show cause why she should not be punished for contempt, the court finding in an order subsequently made that petitioner "has been guilty of contumacy of the court and is now in contempt of this court". A requested provision, however, that the action be dismissed was stricken from the order. In this connection, no order of court was made requiring petitioner to be sworn and perform the omitted acts. Respondent court has filed a demurrer and an answer to the herein petition.

The petition sets forth that the court has threatened and signified an intent to adjudge petitioner guilty of contempt and to dismiss her action against defendants in the suit in connection with which the subpoena was issued. The question of any threat to dismiss the action seems to be moot. The prayer of the petition requests relief from any punishment. During the oral argument respondents indicated that further action was contemplated. Petitioner may still be punished in the future in this proceeding in some other manner. (*Havemeyer* v. *Superior Court,* 84 Cal. 327 [24 Pac. 121, 18 Am. St. Rep. 192, 10 L. R. A. 627] ; *Traffic Truck Sales Co.* v. *Justice's Court,* 192 Cal. 377 [220 Pac. 306].)

One of the essentials to the issuance of a writ of prohibition is that the party against whom it is directed is threatening to perform an act in excess of its jurisdiction. We find it necessary, therefore, to grant the present petition instead of awaiting possible *habeas corpus* or *certiorari* proceedings. (*Van Tiger* v. *Superior Court,* 7 Cal. (2d) 377 [60 Pac. (2d) 851] ; *Commercial Bank, etc.,* v. *Superior Court,* 192 Cal. 395 [220 Pac. 422].) The refusal of a witness to be sworn cannot be punished until an order is made requiring the performance of the complained of, omitted, act. (Sec. 1991, Code Civ. Proc.; *Merrill* v. *Superior Court,* 33 Cal. App. 55

[164 Pac. 340]; *Golden State Co.* v. *Superior Court*, 25 Cal. App. (2d) 176 [76 Pac. (2d) 728].)

It is hereby ordered that respondents' demurrer be overruled and the petition for a peremptory writ of prohibition be granted.

Peters, P. J., and Goodell, J., *pro tem.*, concurred.