[Civ. No. 14913.   Second Dist., Div. Two.   June 8, 1945.]

HENRY C. SCHULTZ, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Henry Cleveland Schultz for Petitioner.

H. Sidney Laughlin for Respondents.

MOORE, P. J.—Petitioner seeks to effect the annulment of a judgment of contempt entered by respondents on the grounds that the (1) court had no jurisdiction over petitioner or (2) of the action in which the contempt was adjudicated.

The facts appear to be undisputed that petitioner was sued for divorce on December 27, 1939. Summons was served upon him but he filed no appearance in the action. On August 30, 1944, pursuant to section 581a, Code of Civil Procedure, the court on its own motion dismissed the action. On the following September 11th the court denied the plaintiff's motion to vacate the order of dismissal. On September 13th she filed her notice of appeal from the order denying her motion to vacate as well as from the order of the court dismissing the action. Having assumed that the action was still pending, on December 4, 1944, pursuant to sections 2021, 2031 and 2055, Code of Civil Procedure, plaintiff filed her affidavit averring that she desired to take the depositions of petitioner and caused the county clerk to issue a subpoena requiring him to appear before a notary public on January 12, 1945, to answer interrogatories relating to the divorce action. The subpoena was served on petitioner on the day of its issuance and notice was also served upon him but not upon either of his attorneys of record.

On January 17, 1945, respondent court issued its order directing petitioner to show cause on January 24th why he should not be adjudged guilty of contempt for his wilful disobedience of the subpoena of December 4, 1944, in that he had

failed to appear at the time and place named in the process. On January 24th the court made its second order directing petitioner to show cause on February 14th why he should not be adjudged guilty of contempt for disobeying the order of December 4, 1944. On February 14, 1945, petitioner appeared before the court, suggested the death of his "attorney of record" and stated that no notice of the taking of the deposition had been served upon his counsel. The court made no order for petitioner to answer questions propounded to him by the notary but upon the conclusion of the hearing then and there found him guilty of contempt in that he had willfully failed and refused to appear before the notary public at the time and place designated in the subpoena, and fined him $100.

From the foregoing recitals the nullity of the judgment of contempt is readily apparent. After petitioner's failure to appear in obedience to the subpoena it was incumbent upon the plaintiff to prove service of notice of the taking of the deposition on petitioner's attorneys of record. The only approach to this showing is the affidavit of her counsel that the notice was addressed to petitioner and his attorneys. Lacking proof of the required service the court had no adequate basis for an adjudication of contempt. (*Kreling* v. *Superior Court,* 18 Cal.2d 884 [118 P.2d 470].) Conceding, arguendo, the pendency of the divorce action, the court never acquired jurisdiction to punish petitioner by reason of the court's failure first to require the performance of the omitted act. (*Blache* v. *Superior Court,* 35 Cal.App.2d 740 [96 P.2d 970].) Having failed to make its order requiring petitioner to answer the questions which had been propounded to him, the court had no jurisdiction to adjudge him guilty of contempt, there being no proof showing contemptuous behavior outside of the presence of the court. (*Overend* v. *Superior Court,* 131 Cal. 280 [63 P. 372].)

But the transcendent vice of the judgment of contempt lies in the fact that the case in which the subpoena was issued was not pending before the court at the time of the issuance of the writ or at any subsequent date. Under section 581a, Code of Civil Procedure, the court is required on its own motion or on that of the defendant to dismiss an action after the lapse of three years following the date of the service of

the summons. Where no appearance has been filed in an action by the defendant and no judgment has been entered, the court has no alternative other than to dismiss the action following the prescribed period. The dismissal ordered on August 30, 1944, terminated the jurisdiction of the court with reference to the divorce action. (*Jacks* v. *Lewis*, 61 Cal.App. 2d 148 [142 P.2d 358]; *Lynch* v. *Bencini*, 17 Cal.2d 521, 523 [110 P.2d 662].) ▆▆ Having lost jurisdiction of the case some five months prior to the proceedings for contempt, its judgment was void. (*Kreling* v. *Superior Court, supra; Andrews* v. *Superior Court*, 103 Cal.App. 360 [284 P. 494].) Furthermore, if section 581a had never been enacted, the court would be powerless to make orders in the action, which had by virtue of the plaintiff's appeal been transferred to the Supreme Court.

It is therefore ordered that the judgment of the superior court made on February 14, 1945, adjudging petitioner guilty of contempt and fining him $100 be and it is hereby annulled.

Wood (W. J.), J., and McComb, J., concurred.