[Crim. No. 4909. In Bank. Nov. 16, 1948.]

In re JOSEPH T. DeSILVA on Habeas Corpus.

Alexander H. Schullman and Clarence E. Todd for Petitioner.

Carroll, Davis & Freidenrich, Robert W. Gilbert and Allan L. Sapiro, as Amici Curiae on behalf of Petitioner.

W. E. Simpson, District Attorney (Los Angeles), and Jere J. Sullivan, Deputy District Attorney, for Respondent.

J. Wesley Cupp, Gibson, Dunn & Crutcher, J. Stuart Neary, John T. Binkley, Julian O. von Kalinowski, Samuel O. Pruitt, Jr., and Newmark & Hamblin, as Amici Curiae on behalf of Respondént.

SHENK, J.—The petitioner sought his release from confinement pursuant to a conviction of contempt for violation

of a preliminary injunction issued in an action brought by Lillian and Nathan A. Simons, doing business as Sureway Drug Company, against the Retail Clerks Union Local 770 and other defendants.

Sureway Drug Company is a retail drugstore in Los Angeles which employed two pharmacists and eight clerks. The employees were unorganized. In April, 1947, the union began to organize the employees and obtained membership applications and representation authorizations from a majority, namely six of the employees including one of the pharmacists. Subsequently all or some of the six employees were discharged from their employment and the company refused to sign the proffered collective bargaining agreement. The union commenced picketing the store on November 6, 1947. In January, 1948, the company filed with the National Labor Relations Board a petition for certification of a representative of the employees, designating the union as the claimant for recognition. The petition was denied by the board on the ground that the union had not filed the documents, reports and affidavits required by sections 9 (f) (g) and (h) of the Labor Management Relations Act, 1947 ([61 Stats. 143; 29 U.S.C.A. § 159]). In February, 1948, the proprietors of the drugstore filed the action in the Superior Court in Los Angeles County against the union, the petitioner as secretary of the union, and others to enjoin the picketing as unlawful under the Labor Management Relations Act, 1947, and for damages. Following the filing of an amended complaint to include allegations of the denial of the plaintiffs' petition to the National Labor Relations Board for certification of a union representative, the court on April 12, 1948, issued a preliminary injunction. The order purported to restrain the defendants from picketing the plaintiffs' store in any manner whatsoever for the purpose of inducing the plaintiffs to violate the Labor Management Relations Act, 1947, or of inducing the plaintiffs to bargain with the union without the required documents having been filed, from carrying on any secondary boycott activities, or from picketing in any manner whatsoever until the final decision and judgment in the action. Concededly the picketing continued in violation of the order.

The court denied a motion to vacate the injunction. On May 7, 1948, the petitioner was convicted of contempt for the violation. He was committed to the county jail for a period of five days and ordered to pay a fine of $500. He was

released on bail pending the determination of this proceeding.

The contempt order recites the foregoing procedural steps and the wording of the injunction. The court in the contempt order also found the interstate commerce character of the plaintiffs' business which is assumed for the purpose of this proceeding.

At the contempt hearing the petitioner raised the question of the jurisdiction of the superior court to issue an injunctive order to restrain alleged unfair labor practices declared unlawful by the Labor Management Relations Act, 1947 (§§ 8(b), 303(a)).

The record shows that the plaintiffs' employees were not on strike, and that the picketing did not interfere with the performance of their duties. Admittedly the picketing was conducted in a peaceful manner. No secondary boycott activities as such were conducted. There was no active interference with the discharge of common carrier obligations such as was involved in *Northwestern Pac. R. R. Co.* v. *Lumber & Sawmill Workers' Union*, 31 Cal.2d 441, 448 [189 P.2d 277]. Failure of common carriers to deliver goods was due solely to the refusal of truck drivers to cross the picket line. Since the picketing was peaceful, and there was no unlawful objective under state law (see *Gerry of California* v. *Superior Court*, 32 Cal.2d 119 [194 P.2d 689]), the sole purpose of the lawsuit, as to its injunctive features, was to obtain equitable relief for an object declared unlawful under the National Labor Relations Act (49 Stats. 339; 29 U.S.C.A. § 151 et seq.) as amended by the Labor Management Relations Act, 1947. For the purpose of further discussion, it will be assumed that the acts restrained by the injunctive order were unlawful labor practices on the part of a union under the foregoing act.

The question of the jurisdiction of the superior court to restrain unfair labor practices under the federal act was involved in *Gerry* v. *Superior Court, supra.* This court there held that the declared intent and purpose of the Labor Management Relations Act, 1947, was to vest exclusive jurisdiction in the National Labor Relations Board over unfair labor practices affecting interstate commerce and to vest in the courts generally jurisdiction only of actions for damages arising out of the commission of such practices, and that the act deprived the superior courts of original equitable jurisdiction in such cases. No distinction may be made here because the National Labor Relations Board had denied the com-

pany's petition for certification of a union representative. By the denial the board did not divest itself of jurisdiction to determine whether the defendants were committing unfair labor practices affecting interstate commerce which should be enjoined pursuant to the procedure provided by the act. Its exclusive jurisdiction over that matter had not been invoked by the plaintiffs. And, assuming the interstate character of the commerce, the absence of the required reports and affidavits did not affect the jurisdiction of the board to act on such a petition of the plaintiffs had it been filed. It was observed in the Gerry case (32 Cal.2d at pp. 129-130), that since the federal act does not make the filing of the documents by labor organizations a prerequisite to the exercise of jurisdiction by the board on a charge of unfair labor practices presented by the employer, there is no inadequacy of the available administrative remedy merely because of the failure of the union to file the documents.

Habeas corpus is an appropriate remedy to obtain the release of the petitioner from confinement pursuant to a conviction of contempt based on violation of the void order. (*In re Bell*, 19 Cal.2d 488 [122 P.2d 22] ; *In re Porterfield*, 28 Cal.2d 91 [168 P.2d 706, 167 A.L.R. 675] ; *Kreling* v. *Superior Court*, 18 Cal.2d 884 [118 P.2d 470].)

The respondents invoke the alternate ground of the judgment in *United States* v. *United Mine Workers*, 330 U.S. 258 [67 S.Ct. 677, 91 L.Ed. 884], as support for the injunction and therefore the contempt order. In that case the question was whether the Norris-LaGuardia Act [47 Stats. 70, 29 U.S.C.A. §§ 101-115] deprived the federal district court of jurisdiction to issue a restraining order and preliminary injunction in a suit by the government to prevent the calling of a nation-wide strike in the bituminous coal mining industry when the mines were being operated by the government pursuant to a duly authorized declaration of national emergency. A restraining order issued, but John L. Lewis, as president of the United Mine Workers of America, violated the order by calling the strike which thereupon ensued. Lewis and the union were adjudged guilty of contempt and fined. The Supreme Court granted certiorari while an appeal was pending. The court determined that the Norris-LaGuardia Act did not deprive the federal district court of jurisdiction to issue the restraining order in the case before it and that pending the determination of the jurisdictional issue the district court had the power to issue the order to preserve

the existing conditions in the national emergency. In stating that ground as support for the contempt judgment, it was recognized that generally orders made by a court having no jurisdiction to make them may be disregarded without liability to process for contempt (330 U.S. at pp. 291, 309-310). The case upon which the court appeared mainly to rely also recognized that general rule. (*United States* v. *Shipp*, 203 U. S. 563, 573 [27 S.Ct. 165, 51 L.Ed. 319], with citation of cases.) The proceeding here presents a case within the general rule and the effectiveness of the injunctive and contempt orders is not governed by the principles applied in the United Mine Workers case. It was the objective of the injunction to accomplish something which was within the exclusive jurisdiction of the National Labor Relations Board under the terms of the federal act.

The respondents' reliance on *In re Fortenbury*, 38 Cal.App. 2d 284 [101 P.2d 105] (1940) is also unavailing. The result there was based on the recognized validity of an injunctive order in a case where the trial court had jurisdiction of the subject-matter and of the parties. The distinguishing factor in that case was the existence of jurisdiction to issue the restraining order. That jurisdiction is lacking in the present case.

Other points and arguments do not require special notice.

The petitioner is discharged.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J. concurred.