[Civ. No. 10187. First Appellate District, Division Two.—August 6, 1936.]

PRIVATE INVESTORS, INC. (a Corporation), Respondent, v. HOMESTAKE MINING COMPANY (a Corporation) et al., Appellants.

(1)

Garret W. McEnerney and Andrew F. Burke for Appellants.

Ackerman, Wayland & Mathews for Respondent.

SPENCE, J.—This is an appeal from a judgment directing the issuance of a writ of mandate to compel the defendant corporation to permit an inspection by plaintiff, a stockholder in said corporation, of certain books and records thereof. During the pendency of this appeal, the defendant corporation applied for a writ of *supersedeas*, which application was denied. (*Homestake Mining Co.* v. *Superior Court*, 11 Cal. App. (2d) 488 [54 Pac. (2d) 535].) Thereafter the inspection was made. The defendants subsequently filed their brief as appellants herein. Plaintiff then made a motion to dismiss the appeal or affirm the judgment. Upon the hearing of that motion, it was agreed by the parties that both the motion and the appeal could stand submitted upon the authorities on file and it was so ordered. While there may be merit in the motion, we believe it proper to deny the same as we are of the opinion that the appeal should be affirmed upon the merits.

Most of the facts are set forth in our former opinion in denying the application for a writ of *supersedeas* (*Homestake Mining Co.* v. *Superior Court, supra*), and need not be repeated here. We there indicated that in our opinion the petition filed in the trial court was sufficient and that the demurrer thereto was properly overruled. Appellants again contend that the demurrer should have been sustained. We find no merit in that contention and still adhere to the views heretofore expressed. Appellants cite Ballantine on California Corporation Laws, (1932), pp. 378–388, and 20 California Law Review, 449, 451. It is argued that the right to inspection is no longer absolute and unqualified under section 355 of the Civil Code, but must be "for a

purpose reasonably related'' to one's interest as a stockholder. This may be conceded, but the petition here alleged the purposes for which the inspection was desired and at least some of said purposes are recognized by the authors relied upon by appellants. (Ballantine's California Corporation Laws, [1932], p. 387; 20 California Law Review 450.)

The remaining portion of appellants' brief is devoted entirely to the claim that the trial court erred in not permitting appellants to answer the petition after the demurrer thereto was overruled. Appellants point out that the bill of exceptions, which was not on file at the time that the application for a writ of *supersedeas* was denied, affirmatively shows that the trial court's action in not allowing an answer to be filed was not the result of the exercise of its discretion but was the result of the view of the trial court ''that the . rules of practice governing pleadings in *mandamus* proceedings do not permit a defendant to demur to a petition for a writ of mandate, and, subsequently, to answer said petition in the event his demurrer is overruled''. The bill of exceptions further shows that ''at none of said times did said defendants or either of them or their said attorney or counsel make any request for leave to file an answer to said petition or affirmatively take any other action or proceeding or do any other act from which it might be inferred or deduced that said defendants or either of them desired to answer to said petition, in the event that their demurrer thereto should be overruled''.

The rule which the trial court probably had in mind was the rule governing procedure in the appellate courts. The rule in said courts reads as follows: ''Upon the return day of the alternative writ the respondent may make return, either by demurrer or by answer, or by both. If the return be by demurrer alone, and the demurrer is not sustained, the writ may be ordered to issue without leave to answer over''. (Rule XXVI, sec. 3 of the Rules for the Supreme Court and District Courts of Appeal.) This rule was no doubt adopted, having in mind the fact that *mandamus* is in the nature of a summary proceeding and that in practice, nearly all proceedings in *mandamus,* unlike ordinary civil actions, are heard upon the merits upon issues of law alone. Issues of fact are but infrequently presented. The

rules applicable in the superior courts are found in the Code of Civil Procedure. It is there provided that on the return day, the party "may answer the petition under oath, in the same manner as an answer to a complaint in a civil action". (Code Civ. Proc., sec. 1089.) It is further provided, "If the answer raises only questions of law, or puts in issue immaterial statements, not affecting the substantial rights of the parties, the court must proceed to hear or fix a day for hearing the argument of the case." (Code Civ. Proc., sec. 1094.) There is a further provision that "Except as otherwise provided in this title, the provisions of part two of this code are applicable to and constitute the rules of practice in the proceedings mentioned in this title." (Code Civ. Proc., sec. 1109.)

We may assume, as we did in our former opinion and as contended by appellants, that the rules governing the trial court in proceedings in *mandamus* are the same as those governing the trial court in ordinary civil actions in relation to the procedure to be followed after the overruling of a demurrer. As indicated in our former opinion, the party filing a demurrer to a complaint in an ordinary civil action without filing an answer thereto has no absolute right to an order allowing him to file an answer in the event that the demurrer is overruled. (See provisions of Code Civ. Proc., sec. 472a, formerly sec. 472.) He may be granted or denied leave to answer in the sound discretion of the trial court and, in the absence of a showing of an abuse of discretion, an appellate court should not interfere. In determining what facts and circumstances will show an abuse of discretion, we are not prepared to say that there is no distinction between proceedings in *mandamus,* which are ordinarily tried upon the merits upon issues of law alone, and other civil actions, which are ordinarily tried upon the merits upon issues of fact or perhaps issues of both law and fact. We are inclined to believe that there is a distinction and that the better practice in interposing a demurrer in a *mandamus* proceeding in the trial court is to file an answer at the same time, provided the party desires to raise issues of fact in the event that the demurrer is overruled. In any event, the party demurring should at least apprise the trial court in some manner that the particular proceeding is different from the ordinary pro-

ceeding in *mandamus* in that the demurring party does not admit the facts for all purposes and that the demurring party desires to raise issues of fact in the event that the issues of law raised by his demurrer are determined adversely to his contentions.

In the present case, appellants neither filed an answer at the time of demurring nor did they at any time intimate in any way to the trial court that they desired to raise issues of fact in the event that the demurrer was overruled. We therefore indicated in our former opinion that the wording of the trial court's order showed that the trial court had exercised its discretion and that no abuse thereof had been shown. The bill of exceptions now before us purports to show that the trial court exercised no discretion but that its order was based upon the alleged rule above set forth. We know of no rule prohibiting the trial court from exercising its discretion in permitting an answer to be filed after a demurrer has been overruled in a *mandamus* proceeding, and on the contrary, we believe it to be the duty of the trial court to exercise its discretion in this regard. There is no doubt that such practice has been followed in some cases. (*Meyer* v. *San Francisco,* 150 Cal. 131 [88 Pac. 722, 10 L. R. A. (N. S.) 110] ; *Ross* v. *Board of Education,* 18 Cal. App. 222 [122 Pac. 967].)

But even assuming that the trial court should have exercised its discretion and that it erred in failing to do so, the question still remains as to whether the error was prejudicial. In this state it is not sufficient merely to show error, but it is necessary to further show that the error was sufficiently prejudicial to justify a reversal. (2 Cal. Jur. 1008, 1009; Const., art. VI, sec. 4½; Code Civ. Proc., sec. 475.) The rule is applicable to alleged errors generally and covers alleged error in refusing to allow a party to file additional pleadings. (3 Am. Jur. 570, sec. 1017.) In the trial court, appellants made no showing at any time of any defense which they desired to urge or could have urged by way of answer to the petition. In our former opinion we called attention to that fact and to the further fact that no attempt was made in the proceedings for a writ of *supersedeas* to show that appellants had a meritorious defense which they could and would have raised in the trial court by answer under oath if they had been

granted leave to answer. On this appeal, appellants have presented an exhaustive brief upon the subjects covered therein, but it is not suggested in said brief that appellants could and would have denied under oath any of the allegations of the petition or that they could and would have alleged any affirmative matter under oath which would have constituted a defense in the event that leave to answer had been given them. The entire brief is directed at an attempt to show error in the ruling upon the demurrer and error in failing to grant leave to amend. As above stated, the petition was sufficient and the demurrer was properly overruled. In the absence of any indication in the trial court or in this court that appellants were prepared to raise any issue of fact which would have constituted a defense, we are of the opinion that appellants have not met the burden of showing that the failure to grant leave to answer was in any way prejudicial. They are not therefore entitled to a reversal.

The motion is denied and the judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 28, 1936.