[Civ. No. 19835. First Dist., Div. One. Dec. 28, 1961.]

LEO TELLEFSEN, Plaintiff and Appellant, v. KEY SYSTEM TRANSIT LINES, Defendant and Respondent.

T. G. Fitzgerald for Plaintiff and Appellant.

Hardin, Fletcher, Cook & Hayes and Cyril Viadro for Defendant and Respondent.

BRAY, P. J.—Plaintiff appeals from a judgment entered on an order sustaining demurrer to his first amended complaint without leave to amend.[1]

### QUESTION PRESENTED

Where the losing party, allegedly from ulterior motives, appeals from an adverse judgment, will an action for abuse of process lie against said party?

### RECORD

Plaintiff's first amended complaint alleged that in an action brought in the superior court against defendant for personal injuries plaintiff recovered judgment against defendant for the sum of $62,000; that maliciously defendant refused to pay said judgment[2] and although there was nothing in the case which defendant reasonably could think constituted reversible error, defendant maliciously, frivolously, "with intent to advantage themselves of plaintiff's need, and with intent to

---

[1] Plaintiff purported to appeal from the order sustaining demurrer. That appeal was dismissed. (See *Tellefsen* v. *Key System Transit Lines,* 187 Cal.App.2d 44 [9 Cal.Rptr. 299].)

[2] After the determination of the appeal, the judgment was paid.

set an example for other litigants and with intent to pursue a common plan for the cheap compromise settlement of verdicts against them, and with intent to further publicize their common plan amongst attorneys who might represent clients having other claims against these defendants and with other improper motives,'' appealed from the judgment;[3] in doing this defendant abused the process of the appellate court; as a result of defendant's wrongdoing plaintiff suffered a coronary occlusion and other bodily injuries to his damage in the sum of $100,000. Plaintiff also sought exemplary and punitive damages in the sum of $100,000.

Defendant's general demurrer was sustained without leave to amend.

### Does the Complaint State a Cause of Action for Abuse of Process?

Plaintiff states: ''It is conceded that the application of the general rules governing abuse of process to the situation alleged in plaintiff's pleading has aspects of novelty and has not, to plaintiff's knowledge, been sanctified by decision directly in point.'' Whether the appeal process is one that can be abused to give rise to a cause of action in tort has not been decided.

▆ Process has normally been considered to mean those actions that are initiated either independently, such as the original commencement of a suit, or those processes initiated collaterally, such as an attachment.

Even though the rule of abuse of process could be applied to the appellate process the complaint here fails to state a cause of action and the demurrer was properly sustained. The complaint shows that the appellant (defendant here as well as in the case in which the appeal was taken) did nothing more than exercise its right to appeal, even though with alleged malicious intent. No other action than the mere taking of an appeal is alleged.

▆ It is clear that in order for an action to be for abuse of process there must be some act additional to the issuance of process, where the party is entitled to such process. An improper motive in obtaining the process is not enough to afford grounds for an action for abuse of process if the latter were regularly issued. This principle is well illustrated by the case of *Pimentel* v. *Houk* (1951) 101 Cal.App.2d 884 [226

---

[3]See *Tellefsen* v. *Key System Transit Lines* (1958) 158 Cal.App.2d 243 [322 P.2d 469, 67 A.L.R.2d 556].

P.2d 739]. There the complaint charging abuse of process alleged that the plaintiff, in an action on a promissory note, maliciously and not for the purpose of collecting the alleged debt but for the sole purpose of financially destroying the defendant, caused a writ of attachment to be levied upon the defendant's farming equipment. In the action of the trial court sustaining a demurrer to the complaint without leave to amend, the reviewing court said: "In the case before us it may be conceded that the allegation that plaintiff caused the attachment to issue without any purpose of collecting the debt but solely for the purpose of destroying defendant financially, may constitute a sufficient allegation of an ulterior purpose; but we are of the opinion that defendant failed to allege use of the process for a purpose not proper in the regular conduct of the proceeding. It was entirely proper in the regular proceeding—to collect the notes sued upon—for plaintiff to resort to an attachment of defendant's assets. It is not alleged that said attachment covered property exempt from execution, that it covered an excessive amount of defendant's property, that the debt alleged to be owed by defendant was otherwise secured, or that defendant requested that the levy be made upon other property. On the face of the record plaintiff was fully within his rights in causing the writ of attachment to be issued and served; and the fact that he may have had an ulterior motive to destroy defendant financially did not render the use of the writ one improper in the regular conduct of the proceeding. Had plaintiff attached without malice, the effect would have been the same. . . . The opinion in *Hauser* v. *Bartow*, 273 N.Y. 370 [7 N.E.2d 268, 269], states that process must be used for something more than a proper use with a bad motive; that if a party uses it for the immediate use for which it was intended, he is ordinarily not liable, notwithstanding a vicious or vindictive motive; that if he uses the process of the court for its proper purpose, though there is malice in his heart, there is no abuse of process." (Pp. 886, 887.)

 Prosser on Torts, 2d edition, pages 667-668, states: "The action for malicious prosecution, whether it be permitted for criminal or civil proceedings, has failed to provide a remedy for a group of cases in which legal procedure has been set in motion in proper form, with probable cause, and even with ultimate success, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed. In such cases a tort action has been developed for what is called abuse of process . . .

"Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing or misapplying process justified in itself for an end other than that which it was designed to accomplish. The purpose for which the process is used, once it is issued, is the only thing of importance. Consequently in an action for abuse of process it is unnecessary for the plaintiff to prove that the proceeding has terminated in his favor, or that it was obtained without probable cause or in the course of a proceeding begun without probable cause . . ."

Plaintiff contends that a cause of action is alleged because the complaint alleges that the appeal was taken frivolously. ■ But merely taking a frivolous appeal is not enough to constitute an abuse of process, assuming that abuse of process could apply to the appellate process. There is no allegation of any act of defendant using such appeal for other than its proper purpose. ■ For taking that kind of an appeal the party may be fined by the appellate court or damages may be awarded therefor to the respondent on the appeal. (See 3 Witkin, Cal. Procedure, pp. 2354, 2355, 2356.) It should be pointed out that in alleging the appeal to this court from the judgment, this court's decision on the appeal is necessarily before us. It clearly appears therefrom that the appeal was not frivolous.

■ In appealing in our case defendant "has done nothing more than carry out the process [of appeal] to its authorized conclusion, even though with bad intentions . . ." and there is no liability therefor. (Prosser, *supra,* p. 669.)

■ Prosser, *supra,* pages 668-669, states: "The essential elements of abuse of process . . . have been stated to be: First, an ulterior purpose, and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding." He amplifies these requirements in the following manner: "Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions. *The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. There is, in other words, a form of extortion, and it is*

*what is done in the course of negotiation, rather than the issuance of any formal use of the process itself, which constitutes the tort.''* (P. 669; emphasis added.)

■ On the face of the complaint only the first test is met, namely, an ulterior purpose. However, ''The ulterior motive or purpose may be inferred from what is said or done about the process, but the improper act may not be inferred from the motive.'' (Prosser, *supra*, p. 669.) As to the second test, the complaint merely alleges what corresponds to the issuance of process in a proceeding, such as the issuance of a writ of attachment. Here, the only act alleged is the taking of the appeal—no ''wilful act in the *use* of the process'' (the appeal) is alleged. (Prosser, *supra*, p. 668; emphasis added.)

*Tranchina* v. *Arcinas* (1947) 78 Cal.App.2d 522 [178 P.2d 65], is not in point. There the landlord obtained a certificate from the O.P.A. (which was necessary to remove a tenant) on the representation that he intended to occupy the premises for his own use. The defendant then brought an action against the tenants in unlawful detainer and obtained a writ of possession under which the tenant surrendered the rented premises. In the action brought against the landlord for abuse of process the court found that although the writ was regularly issued the landlord abused it by using it in bad faith, it appearing that after the vacation of the premises by the tenants, the defendant had used the process for the sole purpose of rerenting the premises. The court quoted from 3 Restatement of Torts, section 682, page 464: '' 'a. The gravamen of the misconduct for which the liability stated in this Section is imposed is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish . . . The subsequent misuse of the process, though properly obtained, constitutes the misconduct for which the liability is imposed under the rule stated in this Section.' '' (P. 525.)

Nor is *Spellens* v. *Spellens* (1957) 49 Cal.2d 210 [317 P.2d 613], in point. There the wife brought an action against the husband to have a marriage declared valid, for separate maintenance and for a determination of the rights of the parties in certain personal property. While this action was pending the husband brought an action in claim and delivery to recover possession of the same property involved in the other action, and caused a claim and delivery writ to issue

and be served. While the sheriff was taking possession of the property the husband told the wife he would drop the claim and delivery action if she would drop the main action. In holding that the wife was entitled to damages for abuse of process, the court quoted the above quoted statement from 3 Restatement of Torts, page 464. The court held, in effect, that while the issuance of the claim and delivery writ was regular, the abuse of process consisted in using it as a threat, not really to obtain possession of the property which he claimed as his own, but to coerce her with regard to the main action. These two cases illustrate why, if the abuse of process rule applies to the appeal procedure, no cause of action has been stated. There, it was the use of the process *after* its issuance which gave the basis for a cause of action. In our case no act of abuse followed the taking of the appeal.

The judgment is affirmed.

Tobriner, J., and Sullivan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 21, 1962.