[Civ. No. 20862. First Dist., Div. One. May 2, 1963.]

MARJORIE KYNE, Plaintiff and Appellant, v. W. GORDON
EUSTICE, Defendant and Respondent.

Jay Raymond Levinson for Plaintiff and Appellant.

W. Gordon Eustice, in pro. per., and Eustice & Feeley for Defendant and Respondent.

MOLINARI, J.—This is an appeal from a judgment of dismissal after the sustaining of a demurrer to the complaint.

QUESTIONS PRESENTED

1. Does the complaint state a cause of action?

2. Does the failure of the trial court to state in its decision the ground or grounds for sustaining demurrer constitute prejudicial error?

## The Record

The plaintiff's complaint alleged as follows: that defendant had secured a default judgment against the plaintiff in the amount of $353.50; that thereafter the plaintiff was ordered to appear before the municipal court to be examined by the defendant concerning her property; that the plaintiff appeared without counsel pursuant to said order of examination, was sworn by the judge, who thereupon ordered that said examination be conducted in an anteroom out of the presence of the judge; that plaintiff was then questioned regarding her employment and how she was paid; that plaintiff answered that she was a music teacher and was paid directly by her employer, whom she identified; that she was not allowed to receive compensation directly from the students to whom she taught music under instructions from her employer; that defendant asked plaintiff if she had a list of her students in her possession and that plaintiff informed him that she did; that the defendant thereupon demanded that plaintiff give him such list, telling plaintiff that he was going to start calling all of her customers that very afternoon; that had not the defendant told the plaintiff that he was going to telephone her customers she would have promptly given him such list; that plaintiff feared that if the defendant made such calls she would be greatly embarrassed and humiliated in her employment and would suffer damage and loss of earnings in her employment; that for that reason she refused to give the list to the defendant; that defendant thereupon asked plaintiff to return with him to the courtroom where defendant told the judge that plaintiff had such list which she refused to deliver to him, and asked that the judge order the plaintiff to deliver the list to him; that the defendant refrained from telling the judge the nature of plaintiff's employment as she had explained it to him and that the defendant did not inform the judge as to the purpose for which he wanted the list; that the judge, being unaware of the nature of plaintiff's said employment and the purpose for which the list was desired, ordered the plaintiff to deliver the list to the defendant; that plaintiff refused to do so for "the reasons set forth hereinabove"; that the judge thereupon ordered plaintiff into the custody of the bailiff for contempt of court and ordered her committed to jail until she delivered the list; that she was confined in jail for approximately four hours, after which time she surrendered the list and was thereupon released; that the defendant in telling the plaintiff that he was going

to telephone to her students and in securing her confinement in jail acted with malice and with the intention to vex, harass and injure plaintiff; and that as a result of the embarrassment, humiliation and mental suffering in being committed and confined to jail plaintiff was damaged in the sum of $10,000.

The defendant demurred to the complaint on the ground that it did not state a cause of action, and on the special grounds of ambiguity, unintelligibility, and uncertainty. The specifications of special demurrer are predicated upon the claim that it is not clear whether the complaint seeks to charge the defendant ''with damages for threats for words only or damages under a contract where no actual damages are alleged, or for the plaintiff's own contempt in refusing to obey a court order''; and that the complaint does not state why the plaintiff did not explain the nature of her employment to the judge while on the witness stand. The lower court sustained the demurrer with 15 days to amend. The order sustaining the demurrer does not contain a statement of the specific ground or grounds upon which the decision is based as required by section 472d of the Code of Civil Procedure.[1] The plaintiff declined to amend her complaint, whereupon the judgment herein appealed from was entered.

### Does the Complaint State a Cause of Action?

The court below did not specify the ground or grounds upon which the demurrer was sustained. Both parties to the appeal, however, have treated the ruling on the general demurrer as the only question on appeal. Neither of them has discussed the special demurrer. Grounds of demurrer not discussed by any of the parties need not be considered on appeal. (*Butler* v. *Sequeira,* 100 Cal.App.2d 143, 147 [223 P.2d 48].) The only question before us, then, is whether the complaint states a cause of action.

The plaintiff asserts that her cause of action is one for abuse of process, and maintains that a cause of action therefor has been stated by her in her complaint. The tort of abuse of process is defined in the restatement as follows: ''One who uses legal process, whether criminal or civil, against another to accomplish a purpose for which it is not designed is liable

---

[1]Section 472d: ''Whenever a demurrer in any action or proceeding is sustained, the court shall include in its decision or order a statement of the specific ground or grounds upon which the decision or order is based which may be by reference to appropriate pages and paragraphs of the demurrer. The party against whom a demurrer has been sustained may waive these requirements.''

to the other for the pecuniary loss caused thereby.'' (3 Rest., Torts, § 682, p. 464; *Spellens* v. *Spellens,* 49 Cal.2d 210, 231 [317 P.2d 613]; *Tranchina* v. *Arcinas,* 78 Cal.App.2d 522, 525 [178 P.2d 65].) ██ The gist of the tort is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish; and its essential elements are: (1) an ulterior purpose; and (2) a willful act in the use of the process not proper in the regular conduct of the proceedings. (Prosser on Torts (2d ed) § 100, p. 667; *Spellens* v. *Spellens, supra,* pp. 231-232.) █ Prosser describes the tort as follows: ''Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions. The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort.'' (P. 669; see *Spellens* v. *Spellens, supra; Tellefsen* v. *Key System Transit Lines,* 198 Cal.App.2d 611, 614-615 [17 Cal.Rptr. 919]; *Fairfield* v. *Hamilton,* 206 Cal.App.2d 594, 603 [24 Cal.Rptr. 73].)

█ The process used by the defendant in the case at bench is the procedure provided by Code of Civil Procedure section 714. This statute permits the judgment creditor to require the judgment debtor to appear and answer concerning his property before a judge, or a referee appointed by the judge. The object of the proceeding is to compel the judgment debtor to give information concerning his property; and such judgment-debtor examination is intended to be summary and factual, according the widest scope for inquiry concerning the property and business affairs of the judgment debtor. (*Coleman* v. *Galvin,* 78 Cal.App.2d 313, 318 [177 P.2d 606]; *McCullough* v. *Clark,* 41 Cal. 298, 302.) █ The purpose of such supplementary proceedings is to discover and reach assets of a judgment debtor so as to apply them to the satisfaction of the judgment. (*Smith* v. *Smith,* 51 Cal.App.2d 29, 31-32 [124 P.2d 117]; *Coleman* v. *Galvin, supra; In re Finn,* 155 Cal.App.2d 705, 709 [318 P.2d 816].)

...

■ Accordingly, a third person or corporation alleged to have property of a judgment debtor or to be indebted to him may be examined concerning the same (Code Civ. Proc., § 717; *Coleman* v. *Galvin, supra*), and such proceedings may be properly used to obtain the possession of third-party debts after such examination. (*Thomas* v. *Thomas,* 192 Cal.App. 2d 771, 778 [13 Cal.Rptr. 872]; *Hathaway* v. *Brady,* 26 Cal. 581, 589.)

In the present case, the plaintiff does not contend that the legal procedure providing for her examination was not set in motion in proper form, but that the procedure was misused. The misuse complained of is the defendant's "telling plaintiff that he was going to start telephoning all of her customers," and "in securing her commitment to and confinement in jail. . . ." There is no contention made, however, that it was improper for the defendant to interrogate the plaintiff concerning her students, and to obtain the list of such students in her possession. To the contrary, such acts are within the legitimate scope of the inquiry afforded by supplementary proceedings in aid of execution. ■ Nor do we see any impropriety in the telephoning of third persons who themselves may be indebted to the judgment debtor. The defendant was not required to take the word of the plaintiff that none of the students on the list were indebted to her, but he was entitled to verify her statement and to inquire as to whether they were so indebted. ■ If the judgment creditor has the right to examine such third-party debtors for the purpose of ascertaining whether they are in fact indebted to the judgment debtor, it appears to us that it would be proper for him to inquire in advance of such a proceeding as to the facts. There would, of course, be no duty upon such third party to make reply except upon examination pursuant to proper supplementary proceedings. Moreover, it appears to us that such a telephonic inquiry would have the salutary effect of obviating the time and inconvenience, incident to such proceedings, where it would satisfy the judgment creditor that the third party was not indebted to the judgment debtor. ■ The fact that the judgment creditor may have bad intentions, or the fact that such telephonic inquiry might tend to embarrass the judgment debtor, does not impose liability upon the judgment creditor as long as he carries out the process afforded by the supplementary proceedings to its authorized conclusion. The obtaining of information as to whether third parties are indebted to the

judgment debtor is a procedure authorized by such an order of examination. In the instant case, the plaintiff alleges that she was ready and willing to turn the list of her students over to the defendant. It was only when defendant told her that he was going to telephone them that she reneged. Her refusal was predicated upon her belief that she would be embarrassed. Had defendant said nothing it could not be urged that he misused the proceedings because he thereafter telephoned the students whose names appeared on the list. Can it be said, therefore, that the situation is altered because the defendant advised the plaintiff that he intended to so use the list? We think not. There are no allegations made that the defendant threatened or coerced the plaintiff to turn the list over to him, or that he made any threats if she refused to do so. As disclosed by the pleadings, moreover, the statement that the defendant intended to telephone the students came *after* the plaintiff disclosed to him that she had the list and that she was willing to turn it over to him. The ''coercion,'' if any, resulted from the finding by the judge that the plaintiff was in contempt and the order that plaintiff be jailed until she turned over the list. The plaintiff asserts that the defendant did not disclose to the judge the reasons for her refusal to surrender the list. This nondisclosure, contends the plaintiff, is an abuse of process. There is no allegation made by plaintiff as to why she herself did not explain the reasons for her refusal to the judge. Suffice it to say, however, that while an ulterior motive or purpose might be inferred from such nondisclosure on the part of the defendant, no improper act may be inferred from the motive. (Prosser, *supra,* p. 669; *Tellefsen* v. *Key System Transit Lines, supra,* 198 Cal.App.2d 611, 616.) As we have pointed out above, neither the obtaining of the list nor the intention to telephone the persons named on the list are purposes beyond the design of supplementary proceedings in aid of execution.

The plaintiff makes the bald assertion that ''it should be noted that Section 1211 of the Code of Civil Procedure was not complied with in committing plaintiff for contempt of court.''[2] The plaintiff not only does not cite or furnish any authority for this contention, but she has failed to furnish us with any record or transcript of the contempt proceedings. It was her duty to do so if she intends to point

---

[2]Code of Civil Procedure section 1211 provides the procedure for summary punishment for contempt.

out error to us. We are not obliged to perform the duty resting upon counsel. (*Estate of Hoffman,* 213 Cal.App.2d 635, 639 [29 Cal.Rptr. 60].) Moreover, the plaintiff is attempting a collateral attack upon the contempt proceedings which she cannot do. The judgment and orders made in cases of contempt are not appealable. (Code Civ. Proc., § 1222; *John Breuner Co.* v. *Bryant,* 36 Cal.2d 877, 878 [229 P.2d 356]; *Nutter* v. *Superior Court,* 183 Cal.App.2d 72, 73 [6 Cal.Rptr. 404].) ▮ Such an order or judgment may only be reviewed by certiorari (*John Breuner Co.* v. *Bryant, supra*; *Wilson* v. *Superior Court,* 31 Cal.2d 458, 459 [189 P.2d 266]; *Nutter* v. *Superior Court, supra*), and, where appropriate, by habeas corpus. (*John Breuner Co.* v. *Bryant, supra*; *In re DeSilva,* 33 Cal.2d 76, 79 [199 P.2d 6]; *Kreling* v. *Superior Court,* 18 Cal.2d 884, 887 [118 P.2d 470].)[3]

### *The Failure to State Specific Ground of Decision*

▮ The trial court committed error in failing to state the ground or grounds upon which its order sustaining the demurrer was based as provided in Code of Civil Procedure section 472d. In our opinion, such error was harmless and therefore is to be disregarded. (*Jenssen* v. *R. K. O. Studios, Inc.,* 20 Cal.App.2d 705, 707-708 [67 P.2d 757]; *Bamber* v. *Belprez,* 15 Cal.App.2d 110, 115 [58 P.2d 1325]; Code Civ. Proc., § 475; Cal. Const., art. VI, § 4½.) ▮ As stated in *Private Investors, Inc.* v. *Homestake Min. Co.,* 16 Cal.App.2d 1 [60 P.2d 146]: "In this state it is not sufficient merely to show error, but it is necessary to further show that the error was sufficiently prejudicial to justify a reversal." (P. 5.) ▮ It is the general rule, therefore, that errors of the trial court relative to matters of pleading, rulings on evidence, instructions to a jury, or in relation to matters of procedure do not justify a reversal of a judgment unless the reviewing court, after a consideration of the entire case, is satisfied that such error resulted in a miscarriage of justice. (*Dam* v. *Lake Aliso Riding School,* 6 Cal.2d 395, 399 [57 P.2d 1315]; *Buxbom* v. *Smith,* 23 Cal.2d 535, 543 [145 P.2d 305].) ▮ Accordingly, error to be reviewable must be prejudicial, i.e., it must substantially affect the rights and obligations of the appellant as to result in a miscarriage of justice. (*Wells* v. *Lloyd,* 21 Cal.2d 452, 460 [132 P.2d 471];

[3] See *Andrews* v. *Superior Court,* 103 Cal.App. 360 [284 P. 494], where prohibition was granted to restrain further action by the trial court in a contempt proceeding.

636

*Erskine* v. *Upham,* 56 Cal.App.2d 235, 251 [132 P.2d 219].)
 Moreover, the burden is on the appellant to establish the existence of prejudicial error affecting the merits of his appeal, and such prejudice must affirmatively appear in order to warrant a reversal. (*Eddie* v. *Schumacher Wall Board Co.,* 79 Cal.App. 318, 322 [249 P. 235]; *Jenssen* v. *R. K. O. Studios, Inc., supra; Dam* v. *Lake Aliso Riding School, supra,* p. 398.)

 In the instant case the plaintiff-appellant fails to show wherein she suffered prejudice by the trial court's failure to designate the ground upon which it sustained the demurrer; nor has she shown that she called this irregularity to the attention of the trial court so as to have permitted a correction of the error. It should be noted here that Code of Civil Procedure section 472d provides that its requirements may be waived. It is clear that the demurrer was principally directed to the sufficiency of the complaint in stating a cause of action because both parties have presented this question only on appeal. The complaint on its face shows that the plaintiff has no right to maintain the action at all. (See *Peters* v. *Peters,* 156 Cal. 32, 37-38 [103 P. 219, 23 L.R.A. N.S. 699].) Accordingly, the judgment will not be reversed for an error in procedure which must be disregarded because it does not affect substantial rights.

The judgment is affirmed.

Bray, P. J., and Sullivan, J., concurred.