Filed 6/3/13  Zulli v. Litton Loan Servicing CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| BRIAN ZULLI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>LITTON LOAN SERVICING LP et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B242310<br>(Super. Ct. No. 56-2010-00383828-CU-OR-SIM)<br>(Ventura County) |

Brian Zulli appeals the order dismissing his complaint against respondents Litton Loan Servicing LP (Litton), and Wells Fargo Bank NA (Wells Fargo),[1] following the sustaining of a demurrer without leave to amend.  Appellant contends he sufficiently pled causes of action against respondents for fraud and unfair competition (Bus. & Prof. Code, § 17200), based on their involvement in the nonjudicial foreclosure on his now-deceased mother's residence.  We affirm.[2]

---

[1] Wells Fargo is sued in its capacity as trustee for Citigroup Mortgage Loan Trust, Inc., Asset-Backed Pass-Through Certificates, Series 2006-SHLI.

[2] At oral argument, appellant asked us to enter a default judgment in his favor because "the wrong defendants" were in court.  Appellant also challenged respondents' assertion that he is appealing from an order of dismissal in their favor.  According to appellant, "there is no such order."  These assertions are belied by the record.  The notice of appeal plainly indicates that the appeal is from the trial court's May 22, 2012, order "dismissing all defendants."  That order clearly identifies respondents as the parties who demurred to the complaint, and further states that the demurrer was sustained without leave to amend and that respondents "are dismissed from this action with prejudice."  The

FACTS AND PROCEDURAL HISTORY

The relevant facts are largely derived from our recent decision affirming the dismissal of appellant's complaint against codefendant Mortgage Electronic Registration Systems, Inc. (MERS), following the sustaining of a demurrer without leave to amend. (*Zulli v. Mortgage Electronic Registration Systems, Inc.* (Feb. 5, 2013, B237041 [nonpub. opn.].)  In February 2006, appellant's mother Sylvia Zulli obtained a $1,250,000 loan from Quick Loan Funding, Inc. (Quick Loan) for the purchase of a residence in Moorpark (the property).  In exchange for the loan, Sylvia[3] executed a promissory note secured by a deed of trust naming MERS as beneficiary.  In January 2009, all beneficial interest under the deed of trust was assigned to Wells Fargo.  Litton, acting as Wells Fargo's attorney in fact, substituted the Wolf Law Firm as trustee under the deed of trust.

Notices of default and trustee's sale were recorded after Sylvia failed to make several payments on the loan.  Sylvia filed a complaint against MERS, Quick Loan, Wells Fargo, Litton and others alleging, among other things, that the January 2009 assignment of deed of trust and substitution of trustee were invalid.  Sylvia died in May 2010.  On October 28, 2010, the trial court dismissed Sylvia's complaint against MERS, Quick Loan, Wells Fargo and Litton after sustaining a demurrer without leave to amend. Appellant was subsequently granted leave to continue the action as Sylvia's personal representative and successor in interest (Code Civ. Proc., § 377.31).  His appeal from the judgment in favor of respondents was dismissed as untimely.

Appellant then filed the instant action in his own capacity.  MERS was dismissed from the complaint after the court sustained its demurrer to the first amended

notice of appeal also identifies respondents as the parties, and appellant's record designation includes the hearings on respondents' demurrer.  The record designation also identifies respondents' trial attorneys (who are also acting as appellate counsel) as counsel of record.  Moreover, appellant's briefs identify respondents as the parties to the appeal and requests that the order of dismissal in their favor be reversed.  Because there is no merit to appellant's claims that "the wrong defendants" appeared or that he is not appealing from the order dismissing respondents from the action, his request for a default judgment is denied.

[3] We refer to appellant's mother by her first name for the sake of clarity and convenience and intend no disrespect.

2

complaint, and we affirmed. (*Zulli v. Mortgage Electronic Registration Systems, Inc., supra*.) In the meantime, the court sustained respondents' demurrer to the third amended complaint without leave to amend and entered an order of dismissal in their favor. Appellant timely appealed.

DISCUSSION

Appellant contends the court erred in sustaining respondents' demurrer to the third amended complaint without leave to amend. He claims he sufficiently stated causes of action for fraud and a violation of Business and Professions Code section 17200, by alleging that (1) respondents colluded with MERS and others "to conceal the identity of the true lender;" (2) the Litton employees who signed the January 2009 assignment and deed of trust "impostered [*sic*] themsel[ves]" as employees of MERS and Wells Fargo; (3) Sylvia was "mislead [*sic*] into signing" the loan documents and was never provided a letter of transfer; (4) respondents failed to contact Sylvia as required under Civil Code section 2923.5; (5) Litton lacked authority to foreclose on property; and (6) there is no chain of title to Wells Fargo.

When the trial court dismisses a case after sustaining a demurrer without leave to amend, we ordinarily "review the complaint de novo to determine whether it contains facts sufficient to state a cause of action under any legal theory" and, if the complaint is lacking, "we then consider whether the court abused its discretion in denying leave to amend the complaint." (*In re Estate of Dito* (2011) 198 Cal.App.4th 791, 800.) Here, however, major defects in appellant's preparation of the record and his briefing on appeal hinder our review. To prevail on appeal an appellant must, as a threshold matter, present an adequate record for review. (*Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362.) Lower court judgments are presumed correct. Without a record of what actually occurred before the trial court, an appellate court cannot say whether the trial court erred. (*Ibid.*)

Appellants also have the burden of establishing error through reasoned arguments, not conclusory assertions. (*Moulton Niguel Water Dist. v. Colombo* (2003) 111 Cal.App.4th 1210, 1215.) We need not consider points unsupported by legal analysis

3

or authority.  (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785.)  Nor need we consider points supported by citation to general legal principles or legal authority without any application of those principles or authorities to the case at hand.  (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699.)  An appellant must also show not only how the trial court erred, but how the error was prejudicial.  (*Century Sur. Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963; see also *Kyne v. Eustice* (1963) 215 Cal.App.2d 627, 635–636 [requiring affirmative showing of prejudice from appellant to reverse order sustaining demurrer].)

Appellant has failed to meet any of these burdens.  The clerk's transcript he designated does not include any of the briefing on the demurrers.  He has also failed to present us with a copy of the reporter's transcript of the hearing on the demurrer.  He merely included the minute order of the court's ruling, which states the demurrer was sustained without leave to amend "for the reasons stated at length, on the court reported record, after hearing arguments . . . ."[4]  Moreover, appellant's arguments are conclusory and virtually devoid of analysis, reasoned or otherwise.  He has made no meaningful effort to show his complaint actually stated any valid cause of action, nor has he made an argument as to how he complied with the various requirements for specificity the rules and trial court imposed on him.  Nor has he even suggested how he might cure the defects in his complaint if given a chance to amend.  (See *Brenner v. City of El Cajon* (2003) 113

---

[4] Appellant designated a reporter's transcript, but failed to pay the costs for its preparation (Cal. Rules of Court, rule 8.140).  After notice of default was sent, appellant requested relief from default and attached an October 12, 2012, letter indicating that his application requesting payment from the Transcript Reimbursement Fund (TRF) had been denied because appellant did not include a copy of an approved fee waiver.  The letter also stated that although no funds were currently available, appellant could resubmit an application and it would be held until previously allocated funding for that year became available or until January 1, 2013, when additional money was due to be deposited into the fund.  In his request for relief from default, appellant represented that he had "already resubmitted the proper forms requested along with [his] fee waiver" and sought additional time either for his application to be processed or "to allow [him] to pay the monies to the Court Reporter directly . . . ."  Based on these representations, we denied appellant's request for relief from default but allowed the appeal to proceed.  Appellant has yet to provide a transcript or any update on the status of his TRF application.  He has also failed to notify us of any efforts he has made to directly pay the $51 it would cost to prepare a transcript of the hearing on the demurrer.

4

Cal.App.4th 434, 444 [failure to provide a proposed amendment or advance on appeal any allegation that might cure the defects of an amended complaint supports the trial court's order denying leave to amend].)  In light of these deficiencies, appellant has failed to demonstrate error and the judgment must be affirmed.

Even if the deficiencies were corrected, it is apparent from the record that appellant's claims are barred by the doctrines of res judicata, collateral estoppel, and law of the case.  Res judicata, or claim preclusion, "'prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.' [Citations.]" (*Alpha Mechanical, Heating & Air Conditioning, Inc. v. Travelers Casualty & Surety Co. of America* (2005) 133 Cal.App.4th 1319, 1326.)  "Res judicata bars 'not only the reopening of the original controversy, but also subsequent litigation of all issues which were or could have been raised in the original suit. [Citations.]'" (*Torrey Pines Bank v. Superior Court* (1989) 216 Cal.App.3d 813, 821.)  Collateral estoppel, or issue preclusion, precludes a party from relitigating issues already argued and decided in prior proceedings. (*Alpha Mechanical, supra,* at pp. 1326-1327.)  Under the law of the case doctrine, all principles and rules of law necessary to an appellate court's decision are binding in a subsequent appeal in the same case. (*People v. Barragan* (2004) 32 Cal.4th 236, 246.)

All of appellant's claims against respondents are based on the same set of operative facts as the claims raised in Sylvia's prior action.  Respondents were dismissed from the prior action following the sustaining of a demurrer without leave to amend, and the ruling was final when the respondents' demurrer was sustained in the instant action.  Because the claims in the instant action are entirely derivative of the claims that either were or could have been raised in the prior action and are based on the same facts, they are barred by res judicata and collateral estoppel.

The claims are also precluded by the law of the case doctrine.  In affirming the order sustaining MERS's demurrer to the first amended complaint, we recognized that appellant's failure to allege tender of the amounts due and owing under the loan upon which Sylvia defaulted was fatal to his claims, all of which ultimately sought to set aside

5

an allegedly wrongful foreclosure. (*Shuster v. BAC Homes Loans Servicing, LP* (2012) 211 Cal.App.4th 505, 512.) We also cited recent authority establishing that allegations of a fraudulent or invalid assignment of deed of trust or substitution of trustee are insufficient to overcome the sustaining of a demurrer absent a showing of prejudice. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272 [assignment]; *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1508 [substitution].) Appellant has once again simply ignored this authority. Because there were no allegations that respondents' purportedly unlawful actions prevented Sylvia from making payments on the loan, judgment in favor of MERS was deemed proper. This ruling also effectively disposes of appellant's claims against respondents.[5]

The judgment is affirmed. Respondents shall recover their costs on appeal.
NOT TO BE PUBLISHED.

PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

---

[5] We also note that appellant's claim Sylvia was "misled" into signing the loan documents is the sort of conclusory allegation that is insufficient to state a cause of action for fraud. (*Ulta Salon, Cosmetics & Fragrance, Inc. v. Travelers Property Casualty Co. of America* (2011) 197 Cal.App.4th 424, 431.) His attempt to state a claim under Business and Professions Code section 17200 similarly fails for lack of specificity. (*Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 619.) The claim that respondents failed to comply with Civil Code section 2923.5 was not raised below and is thus forfeited. In any event, the only remedy for a violation of the statute is a delay of the foreclosure sale pending compliance with the statute. (*Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 525–526.) The statute has no application where, as here, the sale has already taken place. (*Ibid.*)

Barbara Lane, Judge

Superior Court County of Ventura

_____

Brian Zulli, in pro. per., for Appellant.

Houser & Allison, Eric D. Houser, Steve W. Pornbida for Respondents.