Filed 4/1/21  Peterson v. Sartory CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JILLIAN PETERSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JENNIFER SARTORY,<br><br>    Defendant and Respondent. | B298583<br><br>(Los Angeles County Super. Ct. No. 18VECV00232) |

APPEAL from an order of the Superior Court of Los Angeles County, Huey P. Cotton, Judge.  Affirmed.

Jillian Peterson, in pro. per., for Plaintiff and Appellant.

Raines Feldman, John S. Cha, Nathan M. Carle, and Lawrence J.H. Liu for Defendant and Respondent.

_____

Jillian Peterson appeals from an order granting Jennifer Sartory's motion that Peterson be declared a vexatious litigant. (Code Civ. Proc., § 391, subds. (b)(1)-(3).)[1]  We will affirm the trial court's order.

**BACKGROUND**

Peterson filed a complaint against Sartory on November 29, 2018 alleging, *among many other things*, that Sartory's dog had bitten Peterson; that Sartory had bribed a public official; that Sartory suffers from mental illness; that Sartory had been spying on, stalking, and bullying Peterson since 2016; and that Sartory "illegally obtained [Peterson's] email addresses."  Sartory moved the court for an order striking the complaint and separately for an order declaring Peterson to be a vexatious litigant.[2]

The trial court heard both motions on February 25, 2019. At the hearing, the trial court struck the complaint.  The trial court continued the hearing on the vexatious litigant motion to allow the parties to submit additional declarations and exhibits regarding whether Peterson had "exhausted her right of appeal or are any such appeal rights time barred in each of the predicate cases" the trial court had listed as the basis of its tentative ruling on the vexatious litigant motion.

The trial court called the matter for hearing again on April 23, 2019.  In its minute order granting Sartory's motion, the trial court noted that Peterson's supplemental opposition did not address the question presented regarding finality of the predicate

_____

[1] Further statutory references are to the Code of Civil Procedure.

[2] This appeal concerns only the trial court's ruling declaring Peterson a vexatious litigant.

2

cases, but rather contended that several of the cases were settled and dismissed and could not be the basis of a vexatious litigant finding.  The trial court observed that although it appeared that Peterson intended to attach evidence that the cases had been settled, Peterson failed to attach the exhibits.  In its order granting Sartory's motion, the trial court listed in full each of the four definitions of "vexatious litigant" in section 391, subdivision (b), and explained how Peterson met the criteria for each of the first three—that she had "commenced, prosecuted, or maintained in propria persona at least five litigations . . . finally determined adversely [to her]" within the immediate past seven years (§ 391, subd. (b)(1)), that she had "repeatedly relitigate[d] or attempt[ed] to relitigate, in propria persona, either . . . the validity of the determination against the same defendant . . . or any of the issues of fact or law . . . determined or concluded by the final determination against the same defendant . . ." (§ 391, subd. (b)(2)), and that "while acting in propria persona, [she had] repeatedly file[d] unmeritorious motions, pleadings, or other papers, conduct[ed] unnecessary discovery, or engage[d] in other tactics that are frivolous or solely intended to cause unnecessary delay" (§ 391, subd. (b)(3)).

Based on its conclusions, the trial court entered an order declaring Peterson to be a vexatious litigant and a separate order prohibiting Peterson from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed.

Peterson filed a timely notice of appeal.

## DISCUSSION

Without citation to either authority or the record, Peterson challenges the trial court's order as an abuse of discretion and

3

raises nominal due process and equal protection challenges to the vexatious litigant statutory scheme.

"A court exercises its discretion in determining whether a person is a vexatious litigant. [Citation.] We uphold the court's ruling if it is supported by substantial evidence. [Citations.] On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment." (*Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 219.) We review any questions of law de novo. (*Ibid.*)

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) Based on the record before us, we can discern no error.

Peterson opted to proceed in this appeal with a clerk's transcript and a settled statement in lieu of a reporter's transcript. The trial court granted Peterson's motion to proceed by way of a settled statement in lieu of a reporter's transcript. But no settled statement was provided for our review. (Cal. Rules of Court, rule 8.137.) Additionally, while the clerk's transcript contains a copy of Peterson's opposition to Sartory's motion to have Peterson declared a vexatious litigant, it contains no copies of the documents Sartory filed in support of her motion, including the evidence the trial court relied on—and cited in support of its conclusions—to determine that Peterson is a vexatious litigant under section 391. Because of the deficiencies in the record, we are unable to review any materials that would allow us to conclude that the trial court erred, less so whether

4

any error might have been prejudicial. (See *Kyne v. Eustice* (1963) 215 Cal.App.2d 627, 635-636.)

For us to conclude the trial court's order was supported by insufficient evidence, we require a means of determining what evidence was before the trial court. "[W]here the appellant fails to produce a complete record of oral trial proceedings, a challenge based on the claim of evidence insufficiency will not be heard." (*In re Estate of Fain* (1999) 75 Cal.App.4th 973, 987.)

The trial court recited and appears to have understood the criteria for declaring a litigant vexatious. And in its order granting Sartory's motion, the trial court explained that Sartory had "demonstrate[d] that [Peterson] falls squarely within" the statutory vexatious litigant definitions. "[Peterson] has filed more than 10 failed lawsuits in the past 7 years. In the past year," the trial court explained, "[Peterson] has filed at least 4 complaints or cross complaints against Ms. Sartory. The complaints and cross complaints overlap and are duplicative including the issue of Ms. Sartory's dog allegedly biting [Peterson]. [Peterson's] conduct of the litigation and discovery requests are excessive and seem spiteful and frivolous. [Sartory] also demonstrates that [Peterson] has threatened further litigation, including disbarment proceedings and comparing counsel to Hitler."

Although the record before us is entirely insufficient from which to discern error, the evidence that *is* in the record— attached to a copy of Sartory's concurrently considered motion to strike the complaint in the matter—supports the trial court's conclusion that Peterson is a vexatious litigant under section 391, subdivision (b)(3): a person who, "[i]n any litigation while acting in propria persona, repeatedly files unmeritorious motions,

5

pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." Peterson sent counsel for Sartory a letter threatening that Peterson "will be filing 2 more lawsuits," that Peterson is "looking forward to suing [Sartory's counsel] and all of the partners for all the illegal and criminal activity [counsel] has done to [Peterson] . . . ," and telling Sartory's counsel to "[e]xpect to be in court with [Peterson] for the next 5 years" and to "expect to be disbarred for all of your criminal activity."[3] The motion to strike, its supporting papers, and the trial court's order striking the complaint demonstrate that Peterson, while acting in propria persona, had repeatedly filed unmeritorious pleadings and had engaged in tactics that the trial court could have concluded—from Peterson's words alone—were frivolous or solely intended to cause unnecessary delay. (§ 391, subd. (b)(3).)

We also reject on the merits Peterson's nominal due process and equal protection challenges to the vexatious litigant statute. "A long line of California decisions upholds this statutory scheme against" similar constitutional challenges. (*Wolfe v. George* (9th. Cir. 2007) 486 F.3d 1120, 1125.) Peterson's specific challenge is that the statutory scheme "punishes" plaintiffs who cannot afford attorneys. That argument has been rejected on both due process

---

[3] Peterson's correspondence is attached to a declaration filed in support of Sartory's motion to strike the complaint. The record discloses no objection to the declaration or to the trial court's consideration of the evidence. We can discern no reason from the record or the parties' briefing why the evidence would not be competent and should not be considered to support the trial court's conclusion.

and equal protection grounds under both the California and United States Constitutions.  (*Id*. at pp. 1126-1127; *Taliaferro v. Hoogs* (1965) 236 Cal.App.2d 521, 527-528.)

Peterson has demonstrated no basis to reverse the trial court's order.  Additionally, the record contains substantial evidence to support the trial court's order on at least one of the grounds on which the trial court based its order.

## DISPOSITION

The trial court's order is affirmed.  Costs on appeal are awarded to respondent.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

7