Filed 6/20/22  Gonzalez v. Aluminum Precision Products CA2/6

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| MAIKEL GONZALEZ, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ALUMINUM PRECISION PRODUCTS, INC., <br><br> Defendant and Respondent; <br><br> JOHN MALDONADO, JR., <br><br> Movant and Appellant. | 2d Civil No. B313833 <br> (Super. Ct. No. 56-2020-00546795-CU-OE-VTA) <br> (Ventura County) |

Appellant John Maldonado, Jr., appeals from two orders denying him leave to intervene in the Labor Code Private Attorneys General Act of 2004 (PAGA) action filed by respondent Maikel Gonzalez against respondent Aluminum Precision Products, Inc. (APP).  (Lab. Code,[1] § 2698 et seq.)  He contends he

---

[1] Further unspecified references are to the Labor Code.

had a right to intervene in the Gonzalez action and the court erred in approving Gonzalez's settlement without his participation in that action. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

APP employed Maldonado and Gonzalez. In July 2020, Maldonado submitted a PAGA notice to the Labor and Workforce Development Agency (LWDA) pursuant to section 2699.3. He alleged three violations: (1) a WARN Act[2] violation, (2) failure to reimburse expenses arising from the use of personal vehicles, in violation of section 2802, and (3) an Industrial Welfare Commission wage order No. 1-2001 (Cal. Code Regs., tit. 8, § 11010, subd. 15) violation for excessive heat and work conditions violations. In October 2020, Maldonado filed a complaint in Orange County Superior Court alleging the same three PAGA claims against APP.

In November 2020, Gonzalez submitted a PAGA notice to LWDA (§ 2699.3) alleging seven violations, including failure to (1) pay minimum, straight time, and overtime wages, (2) provide meal periods, (3) permit rest periods, (4) maintain accurate records of hours worked and meal periods taken or missed, (5) reimburse and indemnify expenses that were used "to purchase work-related items . . . which includes uniforms," in violation of section 2802, (6) pay all wages upon termination, and (7) provide accurate itemized wage statements.

Also in November, Gonzalez filed a class action complaint in Ventura County Superior Court, alleging the following individual and class claims: (1) failure to pay minimum and straight wages, (2) failure to pay overtime wages, (3) failure to

---

[2] The Worker Adjustment and Retraining Notification Act. (§ 1400 et seq.)

2

provide meal periods, (4) failure to permit rest breaks, (5) failure to indemnify business expenses, (6) failure to pay wages upon termination, (7) failure to provide accurate itemized wage statements, and (8) unfair business practices.

In March 2021, Gonzalez and APP stipulated to allow Gonzalez to amend his complaint to add a ninth cause of action for civil penalties pursuant to PAGA; and Gonzalez agreed to dismiss his individual and class claims. The trial court approved the stipulation and deemed the First Amended Complaint filed.

*Maldonado's Ex Parte Applications and Attempts to Intervene*

In May, Maldonado filed an ex parte application to stay the Gonzalez action pending a petition for coordination that he filed in the Orange County Superior Court. The trial court denied the application because he was not a party to the action and there was no "irreparable harm, immediate danger, or any other statutory basis for granting relief ex parte."

Maldonado filed another ex parte application, seeking leave to intervene in the Gonzalez action. The trial court denied the application.

Six days later, Maldonado filed a regularly noticed motion to intervene. In July, the trial court denied the motion, stating that it had "already denied this motion on the merits, and moving party is seeking the same relief based on the same documents." The court found that the "motion is an improper motion for reconsideration which does not comply with Code of Civil Procedure, section 1008."

*Settlement of the Gonzalez Action*

Meanwhile, in April and in May, Gonzalez filed two amended PAGA notices with LWDA and APP. In the amended notices, Gonzalez added new claims previously raised in

3

Maldonado's complaint, including the WARN Act violation and excessive heat and work conditions.

Gonzalez and APP reached a settlement of the PAGA action. The proposed settlement included the new claims raised in the two amended PAGA notices. Gonzalez moved for approval of the proposed settlement with the court and sent a copy to LWDA.

LWDA sent a notice to Gonzalez and APP, informing them that it was investigating the new claims in Gonzalez's amended PAGA notices and that the court could not approve the settlement of any PAGA claims subject to investigation. LWDA instructed Gonzalez and APP to limit their settlement to the claims originally noticed in Gonzalez's November 2020 PAGA notice to LWDA. The parties amended the proposed settlement to conform to these instructions. Gonzalez sent the amended settlement agreement to LWDA.[3]

The trial court granted Gonzalez's motion to approve the PAGA settlement. The settlement identified "aggrieved employees" as "all persons currently or formerly employed by [APP] in California during the designated PAGA Period [July 28, 2019 through July 14, 2021 (date of settlement approval)]." It was estimated that there were 700 aggrieved employees. Under the settlement, APP agreed to pay a maximum of $300,000 for the "PAGA Penalties" with at least $177,050.42 available for

_____

[3] Maldonado admitted that settlement of the claims originally raised in the November 2020 PAGA notice would be appropriate. At the May 27 ex parte hearing, Maldonado's counsel stated that: "[Maldonado is] happy for the $350,000 [that Gonzalez] want[s] to take to apply to their claims to go back to November, but only for the claims that they have authority to settle."

4

distribution to the aggrieved employees and the LWDA. In exchange, APP "shall be entitled to a *limited* release from the LWDA and each and every Aggrieved Employee, including [Gonzalez]."

The court found "that the terms of the proposed settlement are reasonable" and were "the product of informed, non-collusive negotiations conducted at arms' length by the Parties." The court considered APP's "potential liability, the benefit to the State of California, allocation of settlement proceeds among Aggrieved Employees, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial." The court dismissed the underlying action with prejudice and entered "judgment following entry of order granting plaintiff's motion for an order approving settlement of claims."[4]

## DISCUSSION

Maldonado contends the trial court erred when it denied him leave to intervene because (1) he had an interest in the Gonzalez action sufficient for intervention, and (2) the trial court abused its discretion in denying him leave to intervene. [5]

---

[4] We grant APP's request for judicial notice with respect to documents labeled Exhibit E-L. We deny the request regarding all other documents attached to APP's request and deny Maldonado's request for judicial notice in full because those documents are either already in the appellate record or are irrelevant to our resolution of the appeal.

[5] To the extent Maldonado raises contentions regarding the May 25, 2021, order denying his request for a stay of the Gonzalez action, an order denying a stay is not an appealable order. (*Brunzell Construction Co. v. Harrah's Club* (1967) 253

*Right to Intervene*

Code of Civil Procedure section 387 allows either mandatory or permissive intervention. For both mandatory and permissive intervention, the nonparty must show an interest that is the subject of the action in which the nonparty seeks to intervene. (*Id.*, subd. (d)(1)(B) & (2).)

The parties dispute whether Maldonado had an interest in the Gonzalez action sufficient for either mandatory or permissive intervention. Our Supreme Court has granted review of our colleagues' opinion in *Turrieta v. Lyft, Inc.* (2021) 69 Cal.App.5th 955 (*Turrieta*), review granted Jan. 5, 2022, S271721, to determine whether a PAGA representative has the right to intervene, object to, or move to vacate, a judgment in a related action that purports to settle the claims that the PAGA representative has raised.

In *Turrieta, supra*, 69 Cal.App.5th at page 962, the appellants and Turrieta filed separate PAGA actions alleging overlapping claims relating to Lyft's misclassification of its drivers as independent contractors. When Turrieta reached a settlement in her action, the appellants moved to intervene, moved to vacate the judgment approving Turrieta's settlement, and later appealed the judgment. (*Turrieta*, at pp. 964-965, 967.) Turrieta and Lyft moved to dismiss the appeal, contending the appellants lacked standing. (*Id.* at p. 967.)

The Court of Appeal held that the appellants lacked standing to challenge the Turrieta settlement. (*Turrieta, supra*, 69 Cal.App.5th at pp. 967-968.) The court reasoned that the

Cal.App.2d 764, 772, fn. 3.) Moreover, that order was not specified in the notice of appeal. (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967.)

6

appellants were not "aggrieved parties" pursuant to Code of Civil Procedure section 902.  A party is aggrieved "'only if its "rights or interests are injuriously affected by the judgment."' [Citation.]" (*Turrieta*, at p. 971.)  The court rejected the appellants' contention that they were aggrieved in their capacity as designated proxies for the state.  (*Ibid*.)  The court reasoned that in a PAGA action, the state is the real party in interest, and PAGA representatives who file a claim on behalf of the state do "not convert the state's interests into their own or render them real parties in interest."  (*Turrieta*, at p. 972.)  Thus, because "it is the state's rights, and not appellants', that are affected by a parallel PAGA settlement, appellants are not aggrieved parties with standing to seek to vacate the judgment or appeal."  (*Ibid*.)  Similarly, the court concluded the appellants did not have a right to intervene because they could not show they had a "direct and immediate interest in the settlement."  (*Id*. at p. 977.)

*Moniz v. Adecco USA, Inc.* (2021) 72 Cal.App.5th 56, 72-73 (*Moniz*), disagreed with *Turrieta* and held that "where two PAGA actions involve overlapping PAGA claims and a settlement of one is purportedly unfair, it follows that the PAGA representative in the separate action may seek to become a party to the settling action and appeal the fairness of the settlement as part of his or her role as an effective advocate for the state."  In so ruling, *Moniz* recognized that an employee, deputized pursuant to PAGA to prosecute their employer's Labor Code violations on behalf of the state, "represents interests that are sufficiently aggrieved to satisfy Code of Civil Procedure section 902, a remedial statute to be liberally construed in favor of the right to appeal."  (*Moniz*, at p. 73.)

7

Similarly, in *Uribe v. Crown Building Maintenance Co.* (2021) 70 Cal.App.5th 986, 999-1000 (*Uribe*), an intervenor (Garibay) who opted out of a class settlement but also asserted a PAGA claim had standing to appeal a settlement in another action that resolved both class and PAGA claims. The court concluded that Garibay had "standing to appeal because, having intervened and yet unable to opt out of the parties' settlement of Uribe's PAGA claim, Garibay's PAGA cause of action in this same lawsuit was resolved against her by the trial court's entry of judgment on its final approval of the settlement. She is therefore a party 'aggrieved' by the judgment. As one court has explained, the 'prejudice' giving rise to standing arises when "'the settlement strips the party of a legal claim or cause of action.'" [Citation.]" (*Uribe*, at p. 1001.)

We agree with our colleagues in *Moniz* and *Uribe* and conclude that where two separate PAGA actions have overlapping claims, the PAGA representative in one action has an interest in the other action sufficient to intervene in that other action. Allowing intervention under these circumstances promotes fairness in the context of a PAGA settlement and protects against collusive judgments and "reverse auctions."[6]

*Denial of the Intervention*

Having concluded that Maldonado possessed an interest sufficient for intervention, we must next determine if the court erred in denying him leave to intervene.

---

[6] A "'reverse auction'" occurs when a "defendant settles with the *low* bidder among two or more class representatives, to the detriment of the class." (*Uribe, supra,* 70 Cal.App.5th at p. 990, italics added.)

For mandatory intervention, the nonparty must have "an interest relating to the property or transaction that is the subject of the action and that person is so situated that the disposition of the action may impair or impede that person's ability to protect that interest, unless that person's interest is adequately represented by one or more of the existing parties." (Code of Civ. Proc., § 387, subd. (d)(1)(B).) For permissive intervention, the nonparty must satisfy the following factors: "(1) the proper procedures have been followed; (2) the nonparty has a direct and immediate interest in the action; (3) the intervention will not enlarge the issues in the litigation; and (4) the reasons for the intervention outweigh any opposition by the parties presently in the action." (*Reliance Ins. Co. v. Superior Court* (2000) 84 Cal.App.4th 383, 386; Code of Civ. Proc., § 387, subd. (d)(2).)

Here, the trial court denied the ex parte application for intervention without specifying its legal reasoning. Thus, we do not know if the court determined that Maldonado, as a PAGA representative, lacked a personal interest to intervene. Nevertheless, error is harmless unless it resulted in a miscarriage of justice. (*Kyne v. Eustice* (1963) 215 Cal.App.2d 627, 635.) Error is prejudicial and results in a miscarriage of justice if the reviewing court concludes that it is reasonably probable that a result more favorable to the appellant would have been reached absent the error. (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800.)

Maldonado was not prejudiced by denial of leave to intervene (either mandatory or permissive) because his interests were "adequately represented by" Gonzalez. (Code of Civ. Proc., § 387, subd. (d)(1)(B); see *Coalition for Fair Rent v. Abdelnour* (1980) 107 Cal.App.3d 97, 116 [no prejudice resulting from a

9

denial of permissive intervention where party's position was fully litigated by another party]).)

Here, at the time of the settlement, there was only one overlapping PAGA claim remaining between the Maldonado and Gonzalez actions—reimbursement of personal vehicle expenses. Specifically, Maldonado's PAGA notice and complaint alleged that APP required aggrieved employees "to use their personal vehicles for work related activities," in violation of section 2802. Gonzalez's PAGA notice, complaint, and settlement covered a broader violation of section 2802 by alleging that aggrieved employees were required to "purchase work-related items without reimbursement." The Gonzalez action thus encompassed Maldonado's expense claim. And, in evaluating the Gonzalez settlement, the trial court concluded that the settlement was "reasonable" and was a "product of informed, non-collusive negotiations conducted at arms' length by the Parties." Maldonado does not show otherwise; there is no analysis on how the settlement amount relating to personal vehicle expense is inadequate. The record thus reflects that Gonzalez adequately represented Maldonado's interest in the one limited claim asserted by both.

Maldonado argues that Gonzalez did not have the authority to represent his interests and did not meet the 65-day waiting period (§ 2699.3) to litigate those claims. But these arguments pertain only to the PAGA claims that Gonzalez added in his amended PAGA notice and initially attempted to settle. These claims were ultimately omitted from the amended settlement terms after LWDA informed Gonzalez of its ongoing investigation and instructed the parties to omit them. Therefore, to the extent

10

there was any issue regarding a failure to comply with the 65-day waiting period, Gonzalez and APP remedied those issues.

Maldonado contends that even after the amendment of the settlement, "Gonzalez . . . lacked authority to expand the scope of the settlement to all expense reimbursement claims." He is wrong. There was no improper expansion of the scope of the settlement. Pursuant to section 2699.3, Gonzalez properly noticed LWDA in his November 2020 letter of his claim for expenses that were used "to purchase work-related items without reimbursement, *which includes* uniforms," but was not limited to uniforms. (See *Gunther v. Alaska Airlines, Inc.* (2021) 72 Cal.App.5th 334, 350-351 [plaintiffs are not required to set forth every potential fact or every future theory and are only required to state sufficient information that will put the employer and LWDA on notice]; see also *Brown v. Ralphs Grocery Co.* (2018) 28 Cal.App.5th 824, 838 [a notice identifying one specific wage violation but stated that "[t]he violations include, without limitation" that specific violation was sufficient to exhaust remedies for a broader wage claim].)

Maldonado contends that Gonzalez lacked the authority to "expand[] the period of release to July 28, 2019." Maldonado argues that Gonzalez cannot release claims beyond the one-year limitations period prior to the date of his PAGA notice, which was filed in November 2020. (Code of Civ. Proc., § 340, subd. (a) [statute of limitations for a PAGA claim is one year].) This argument lacks merit. The statute of limitations is an affirmative defense that can be waived by the defendant in a settlement agreement. (See *Amaro v. Anaheim Arena Management, LLC* (2021) 69 Cal.App.5th 521, 543.)

11

Maldonado therefore does not show how his interests were not adequately represented by Gonzalez or how he was prejudiced by the denial of leave to intervene.

*July 14 Order*

With respect to the July 14 order denying Maldonado leave to intervene, Gonzalez contends that the underlying motion was actually a motion to reconsider the ruling on the earlier ex parte application. Gonzalez argues the trial court properly denied it pursuant to Code of Civil Procedure section 1008, and that the order denying the motion is not appealable. We agree.

"A party who originally made an application for an order which was refused in whole or part, or granted conditionally or on terms, may make a subsequent application for the same order upon new or different facts, circumstances, or law, in which case it shall be shown by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown." (Code Civ. Proc., § 1008, subd. (b).) Regardless of a motion's title, if the motion raises the same issues as an earlier motion that was previously denied, it is properly deemed a renewal of the earlier motion pursuant to Code of Civil Procedure section 1008, subdivision (b). (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1577.)

Here, Maldonado filed the motion to intervene six days after the trial court denied his ex parte application seeking the same relief. Maldonado raised the same arguments and requested the same relief. His motion was therefore an "application for the same order." (Code of Civ. Proc., § 1008, subd. (b).)

12

An order denying a renewed motion or motion for reconsideration pursuant to Code of Civil Procedure section 1008 is not an appealable order. (*Tate v. Wilburn* (2010) 184 Cal.App.4th 150, 159-160.) We therefore lack jurisdiction to consider an appeal of the July 14, 2021, order. (*Woodman v. Ackerman* (1967) 249 Cal.App.2d 644, 646.)

## DISPOSITION

The May 27 and July 14, 2021, orders (denying leave to intervene) are affirmed. Respondents shall recover costs on appeal.

<u>NOT TO BE PUBLISHED.</u>



PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

13

Jeffrey G. Bennett, Judge

Superior Court County of Ventura

_____

Law Offices of Sima Farde and Sima Farde for Movant and Appellant.

Moon & Yang, H. Scott Leviant, Kane Moon and Lilit Tunyan for Plaintiff and Respondent.

Sheppard, Mullin, Richter & Hampton, Ronda D. Jamgotchian, Paul Berkowitz and Michaela R. Goldstein for Defendant and Respondent.